USDC SCAN INDEX SHEET










```
RYC    7/23/04    9:38
3:04-CV-01147    PURE BIOSCIENCE V. FALKEN INDUST LTD
*6*
*APPL.*
```

FILED
04 JUL 22 PM 4:25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1  Joel S. Seidel, SB #175275
   10325 Aldea Avenue
2  Granada Hills, CA 91344
   Tel: (818) 832-7850
3  Fax: (818) 832-7889

4  Attorney for Respondent Falken Industries

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VIA FAX

| | |
|---|---|
| PURE BIOSCIENCE, f/k/a Innovative Medical Services, Petitioner, vs. FALKEN INDUSTRIES, LTD., a New Jersey corporation, Respondent. | CASE NO. 04 cv 1147 L (NLS) FALKEN'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION TO QUASH AND DISMISS AND TO HOLD MOTION TO COMPEL ARBITRATION IN ABEYANCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT Dept. 14 Judge Lorenz |

Respondent, Falken Industries, Ltd., by its attorney, moves this Court for an order granting it until July 26, 2004, to file a motion to quash the service and dismiss for lack of personal jurisdiction and holding in abeyance petitioner Pure Bioscience's Motion For Issuance Of An Order Compelling Arbitration until after Falken's motion is adjudicated.

Pursuant to the Proof of Service/Notice of Filing ExParte Application attached hereto, notice of the instant application was given via facsimile service.

///
///
///
///

1

Falken's Ex Parte Application To Hold
Motion To Compel Arbitration In Abeyance

04 cv 1147

## Memorandum of Points and Authorities

On June 9, 2004, petitioner Pure Bioscience instituted this action by filing a Motion For Issuance Of An Order Compelling Arbitration. According to the proof of service, the motion, with a supporting memorandum and declaration of Pure Bioscience's counsel, and a notice of motion setting the matter for hearing on July 26, 2004, were served on Falken Industries, Ltd. by certified mail to its registered agent in New Jersey on June 14, 2004. No summons or complaint was filed. According to Local Rule 7.1(e)(2), the response to a motion noticed for hearing on July 26, 2004 was due for filing on July 12, 2004. As no opposition was filed by July 12, 2004 Pure Bioscience filed on July 16, 2004 a notice of non-receipt of opposition and the Court on the same day entered an order taking the matter off calendar and stating that it would rule on the papers.

Falken is unaware of any procedure that permits a plaintiff to institute action by the filing of a motion set for hearing before the defendant is served and has had an opportunity to obtain counsel, appear, and answer or request an extension. Indeed, as no summons was filed with the papers, Falken was not notified of the time it had to respond and believed that at the hearing a briefing schedule would be set if it was determined that a response was appropriately required at that time. Moreover, Falken's registered agent did not receive the papers until June 21, at which time they had to be forwarded on to Falken, which then had to obtain counsel and formulate a defense.

Falken has now obtained counsel and determined that service on it was insufficient. Moreover, as Falken has no California presence, there is no personal jurisdiction over it. As this Court may not have jurisdiction over Pure Bioscience's claim, before the merits of the claim is determined (assuming that it may be done without having filed and served either a complaint or summons), the issues of the sufficiency of service and personal jurisdiction need to be resolved. Falken had intended to raise the issue of the insufficiency of the process and the lack of personal jurisdiction at the hearing on July 26, 2004. Because, however, the matter has been taken off calendar and Pure Bioscience has filed a notice of no opposition, Falken finds itself in the position of potentially having a default entered against it.

2

1  Given that no summons was ever served and the rules providing for a time to oppose
2  a motion would appear to apply to instances where parties have been properly served and appeared,
3  Falken requests that it be given until July 26, 2004 to file its motion to quash the service and dismiss
4  for lack of personal jurisdiction and that Pure Bioscience's motion to compel arbitration be held in
5  abeyance until after Falken's motion is adjudicated.

FALKEN INDUSTRIES, LTD.

By _____
   Its Attorney

Joel S. Seidel, SB #175275
10325 Aldea Avenue
Granada Hills, CA 91344
Tel: (818) 832-7850
Fax: (818) 832-7889

Dated: July 22, 2004

Proof of Service/Notice of Filing ExParte Application

The undersigned attorney for Falken certifies that he served a copy of the foregoing Ex Parte Application, in addition to the accompanying draft order, on the following counsel of record for petitioner Pure Bioscience by fax and by placing a copy in a properly addressed, postage prepaid envelope and depositing it in the U.S. mail in Granada Hills, California on July 22, 2004:

| | |
|---|---|
| Wolfgang F. Hahn | Charles E. Brumfield |
| Wolfgang F. Hahn & Associates | C/o Pure Bioscience |
| 7160 Caminito Pepino | 1725 Gillespie Way |
| La Jolla, CA 92037 | El Cajon, CA 92020 |
| Fax: (858) 456-5080 | (619) 596-8700 |

_____
Joel S. Seidel