USDC SCAN INDEX SHEET

















RYC    8/10/04    9:35

3:04-CV-01147   PURE BIOSCIENCE V. FALKEN INDUST LTD

*17*

*P/A.*

Joel S. Seidel, SB #175275
10325 Aldea Avenue
Granada Hills, CA  91344
Tel: (818) 832-7850
Fax: (818) 832-7889

Attorney for Respondent Falken Industries

FILED

04 AUG -9  PM 3: 01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURE BIOSCIENCE,<br>f/k/a Innovative Medical Services,<br><br>                                        Petitioner,<br><br>vs.<br><br>FALKEN INDUSTRIES, LTD.,<br>a New Jersey corporation,<br><br>                                        Respondent. | CASE NO. 04 cv 1147 L (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FALKEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND TO QUASH SERVICE;**<br><br>Date: September 7, 2004<br>Time: 10:30 a.m.<br>Dept. 14<br>Judge Lorenz |

### Introduction

Pure Bioscience instituted this action by filing on June 9, 2004, a Notice of Motion For Issuance Of An Order Compelling Arbitration, the motion itself with an attached memorandum in support, and a declaration of its attorney.  The motion was noticed for hearing on July 26, 2004.  According to the Proof of Service, a copy of which is attached as **Exhibit** 1, these documents were served on Falken by certified mail to its registered agent.  As set forth in the letter from Falken's registered agent, a copy of which is attached as **Exhibit 2**, however, the papers were not served by first class mail, return receipt requested, but rather by priority mail (the method by which the Proof of Service purported to serve counsel for Falken in another matter, Michael Rovell).  Neither a complaint nor a summons was filed or served.  Pure Bioscience therefore purports to have obtained

1

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of Personal Jurisdiction And To Quash Service

04 cv1147

1  jurisdiction over Falken solely on the basis of the service by mail of its motion documents. Because,

2  however, service by mail of a motion is insufficient to obtain jurisdiction under Fed. R. Civ. P. 4,

3  service here was insufficient and should be quashed under Fed. R. Civ. P. 12(b)(5).

4          As set forth in the Affidavit of Helle Madso, attached as **Exhibit 3**, Falken is a New

5  Jersey corporation with its principal place of business in France, has no offices, bank accounts, or

6  other property in California, does not conduct business in California, and has never through any of

7  its employees even been in California. Indeed, Falken was not formed until August 6, 2003, and is

8  not even a party to the Core Settlement Agreement pursuant to which Pure Bioscience seeks to

9  compel arbitration and therefore had no contact with Pure Bioscience in California in connection

10  with the formation of that agreement. Instead, Falken was assigned some of the rights under the

11  contract by one of the parties, a corporation based in Florida, which assignment was later rescinded,[1]

12  and has not had any contact with Pure Bioscience in California in connection with the agreement.[2]

13  Accordingly, this Court does not have personal jurisdiction over Falken.

14  **Argument**

15  **I.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER FALKEN**

16          In determining whether a California federal court has personal jurisdiction over a

17  non-resident defendant, the court applies federal due process rules, even if the court's subject matter

18  jurisdiction is based on diversity, because "California's long-arm jurisdictional statute is coextensive

19

20  [1]An assignee of rights under a contract can be held to have accepted the burdens of the contract,
21  including an arbitration provision, only when "all benefits of a full performance have inured to him."
   Recorded Picture Co. v. Nelson Entertainment, Inc., 53 Cal. App. 4th 350, 362, 612 Cal. Rptr. 2d 742,
22  748 (Cal. Ct. App. 1997). As Falken was not assigned all of the rights under the Core Settlement
   Agreement and has not received any benefits of performance because it has not received a single
23  penny from the royalties that are owed by Pure Bioscience to Falken's assignor under the agreement,
   Falken cannot be held to have implicitly accepted the burdens of the contract. As Falken never
24  agreed to arbitrate, it declined to appear in the arbitration filed by Pure Bioscience. Accordingly,
   Pure Bioscience has filed this proceeding to compel arbitration.

25  [2] Falken's first contact with Pure Bioscience in connection with the rights it had been assigned under
   the Core Settlement Agreement occurred when Pure Bioscience filed its arbitration claim against
26  Falken in California and Falken specially appeared through counsel to contest the arbitrator's
27  jurisdiction over it. (Madso Affidavit, Exhibit 2, ¶ 8.)

28  2

**Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service**

04 cv1147

1  with federal due process requirements." Accordingly, "the jurisdictional analyses under state law

2  and federal due process are the same," <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 2004 WL

3  1462444 at *3 (9th Cir. 2004), and the Court may exercise jurisdiction over Falken only if, as set

4  forth in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945), it has "at least 'minimum

5  contacts' with [California] such that the exercise of jurisdiction 'does not offend traditional notions

6  of fair play and substantial justice,'" <u>Schwarzenegger</u>, 2004 WL 146244 at *3.

7          In addition, the contacts may be sufficient to support <u>general</u> personal jurisdiction, in

8  which case the defendant may "be haled into court in the forum state to answer for any of its

9  activities anywhere in the world," if the defendant has engaged in "'continuous and systematic

10 general business contacts' that 'approximate physical presence' in the forum state."

11 <u>Schwarzenegger</u>, 2004 WL 1462444 at *3 (citations omitted). Alternatively, the contacts may

12 provide <u>specific</u> personal jurisdiction for a claim arising out of the contacts if he "directed his

13 activities" or "purposefully availed himself of the privilege of conducting activities in the forum.

14 <u>Schwarzenegger</u>, 2004 WL 1462444 at *4. Moreover, "only the defendant's purposeful activities in

15 the forum state, and not the plaintiff's actions, can justify the exercise of jurisdiction." <u>Thos. P.

16 Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica</u>, 614 F.2d 1247, 1251 (9th Cir.

17 1980).

18          As set forth below, however, Falken does not conduct <u>any</u> business in California and

19 the only pre-litigation U.S. contacts it has had in connection with the assignment of certain rights

20 under the Core Settlement Agreement have been with NVID (the assignor) in Florida and a letter to

21 the arbitrator informing him of the assignment and requesting an accounting. (See Madso Affidavit,

22 Exhibit 3.) Accordingly, this Court has neither general nor specific personal jurisdiction over

23 Falken.

24 **A.   As Falken Does Not Conduct Any Business In California, The Court Does Not Have
        General Personal Jurisdiction Over Falken**

25

26          The Ninth Circuit in <u>Schwarzenegger</u> characterized the contacts necessary to support

27 general jurisdiction as an "exacting standard" and cited cases for the proposition that (1) while doing

28                                                3

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1    business in California may support general jurisdiction, doing business with California will not,

2    Schwarzenegger, 2004 WL 1462444 at *3 (citing Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,

3    223 F.3d 1082, 1086 (9th Cir. 2000)), and (2) "'mere purchases, even if occurring at regular

4    intervals, are not enough' to establish general jurisdiction," id., (citing Helicopteros Nacionales de

5    Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1986)).  Thus, the court held that the defendant there, an

6    Ohio car dealership that ran an ad with a picture of Arnold Schwarzenegger in a locally-circulated

7    Ohio newspaper, Schwarzenegger, 2004 WL 1462444 at *1, "failed to establish a prima facie case of

8    general jurisdiction" even though: (1) it regularly bought cars from Illinois and New Jersey sources

9    that had been imported by California entities, (2) some of its contacts with auto suppliers included

10   California choice-of-law provisions, (3) it used California based direct-mail marketing and sales

11   training companies, and (4) it maintained a website accessible to anyone, including people in

12   California, Schwarzenegger, 2004 WL 1462444 at *3.  See also VCS Samoa Packing Co. v. Blue

13   Continent Prods. (PTY) LTD., 83 F. Supp. 2d 1151, 1153-54 (S.D. Cal. 1998) (defendant had no

14   "continuous or substantial contact" with California where its contacts consisted of "communications

15   incident to the contract at issue" with the California plaintiff for the delivery of tuna to plaintiff in

16   American Samoa and a series of contracts with another California party for delivery of goods outside

17   California).

18          There can be no dispute as to whether the Court has general jurisdiction over Falken

19   because, as set forth in the affidavit of Helle Madso, Falken does not conduct any business in

20   California.  Indeed, Falken has only existed since last August and does not have any offices, agents,

21   activity, property, or bank accounts in California, and no Falken representative has ever been in

22   California on Falken business.  There is therefore no basis to conclude that Falken has engaged in

23

24

25

26

27

28                                              4

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1  "continuous and systematic general business contacts" that "approximate physical presence" in

2  California, let alone some attenuated business contact, such as that in <u>Schwarzenegger</u> and <u>VCS</u>

3  <u>Samoa</u>, that would be insufficient to satisfy the minimum contacts requirement.

4

5  **B.   As Falken's Contact With The Core Settlement Agreement At Issue Here Has Been**
   **Exclusively With A Florida Party, The Court Does Not Have Specific Personal**
6  **Jurisdiction Over Falken**

7  The Ninth Circuit has "established a three-part test for analyzing a claim of specific

8  personal jurisdiction" in contract cases:

9      (1) The non-resident defendant must . . . perform some act by which he
          purposefully avails himself of the privilege of conducting activities
10         in the forum, thereby invoking the benefits and protections of its
          laws;[3]
11
      (2) The claim must be one which arises out of or relates to the
12         defendant's forum-related activities; and
13     (3) The exercise of jurisdiction . . . must be reasonable.

14  <u>Schwarzenegger</u>, 2004 WL 1462444 at *4.  Thus, "the determination of specific jurisdiction is a

15  conjunctive test" which "turns on an evaluation of the nature and quality of the defendant's contacts

16  in relation to the cause of action.'"  <u>VCS Samoa</u>, 83 F. Supp. 2d at 1154.  Moreover, "[t]he plaintiff

17
18  bears the burden of satisfying the first two prongs," generally by "evidence of the defendant's actions

19  <u>in</u> the forum, such as executing or performing a contract there."  <u>Schwarzenegger</u>, 2004 WL 1462444

20  at *4 (emphasis added).

21  These principles were applied in <u>VCS Samoa</u>, where the plaintiff, a California packing

22  company, contracted with a non-resident supplier by means of fax and telephone communications

23
24  between defendant in South Africa and plaintiff in California to deliver tuna from South Africa to

25

26  [3] In tort suits, the court applies a "purposeful direction analysis" whereby a determination is made as
    to whether the defendant "purposefully direct[ed] his activities or consummat[ed] some transaction
27  with the forum or resident thereof . . . ."  <u>Schwarzenegger</u>, 2004 WL 1462444 at *4.

28                                              5

---

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1   American Samoa.  Plaintiff rejected the delivery and the parties again exchanged faxes "to determine

2   how they would handle the allegedly non-conforming tuna."  83 F. Supp. 2d at 1152.  The court

3   rejected the California plaintiff's contention that defendant was subject to personal jurisdiction in

4   California because it "corresponded with plaintiff's office in San Diego [and thus] should have

5   foreseen that its conduct would have an effect in [California]" because "[f]oreseeability alone . . . is

6   not [a] 'sufficient benchmark for personal jurisdiction under the Due Process Clause.'"  83 F. Supp.

7   2d at 1154 (citation omitted).

8

9           Moreover, the court added, "merely entering into a contract with a party who resides

10  in the forum, in itself, is not sufficient to establish jurisdiction."  83 F. Supp. 2d at 1154.  The court

11  found that the non-resident defendant "did not purposefully avail itself of 'the privilege of conducting

12  activities within the forum state thus invoking the benefits and protections of its laws'" because it

13  "did not reach out to California to obtain [the] business," the business was not directed to California

14  as defendant shipped the product to American Samoa, and "[a]lthough defendant corresponded with

15  plaintiff's San Diego office by facsimile and telephone, the mere 'use of interstate facilities, such as

16  telephones or mail cannot alone provide the "minimum contacts" required by due process.'"  83 F.

17  Supp. 2d at 1155 (citation omitted).  See also Thos. P. Gonzalez Corp., 614 F.2d at 1253 ("It is not

18  sufficient that the plaintiff is a California resident . . . or that an act outside California imposes an

19  economic burden on a California resident").

20

21          Thus, communications with and entering into a contract with a California plaintiff is

22  insufficient to establish jurisdiction over a non-resident defendant.  Here, where the California

23  plaintiff brings suit for breach of contract, there would be an issue as to whether the party with whom

24

25

26

27

28                                        6

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1   the plaintiff contracted, i.e. NVID, was subject to jurisdiction in California if suit had been brought

2   against it.  The defendant, however, i.e. Falken, did not enter into a contract with plaintiff Pure

3   Bioscience and therefore never had any communications with Pure Bioscience in connection with the

4   negotiations for or execution of the contract, so that even if fax and telephone communications with

5   the California plaintiff were sufficient, they did not occur here.

6

7   Instead, Falken was principally assigned by NVID, a Florida company, an income

8   stream (i.e. royalties) that were to flow to NVID under the Core Settlement Agreement (Madso

9   Affidavit, ¶¶ 5-6) and whether there is jurisdiction over the assignor is irrelevant to whether there is

10  jurisdiction over the assignee.  For, as set forth in Rogers v. 5-Star Mgmt, Inc., 946 F. Supp. 907,

11  913-14 (D.N.M. 1996), "the Court should determine its personal jurisdiction over an assignee

12  independently of its personal jurisdiction over the assignor" as (1) the "defendant's contacts with the

13  forum State must be assessed individually," and (2) "the unilateral activity of parties other than the

14  non-resident defendant cannot satisfy the requirement of the defendant's contact with the forum

15  state."  Thus, the court in Rogers held that the defendant assignee of a note was not subject to

16  personal jurisdiction in New Mexico by virtue of the fact that the assignor had negotiated and

17  executed the note in New Mexico as the assignor's contacts with New Mexico are irrelevant to the

18  assignee's contacts.  See also Russellville Steel Co. v. Sears, Roebuck & Co., 2000 WL 91680 at *2-

19  3 (N.D. Ill. 2000) (where plaintiff entered contract with Chicago-based Sears to supply material for

20  store being built in Maryland by Pennsylvania-based general contractor, suit in Illinois against

21  Pennsylvania general contractor for breach of contract dismissed for lack of personal jurisdiction as

22  contract with Illinois entity is not enough to establish personal jurisdiction in Illinois and assumption

23  of Illinois owner's obligations to supplier does not constitute assumption of assignor's contacts with

7

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1   forum); <u>Lobatto v. Berney</u>, 1999 WL 672994 (S.D.N.Y. 1999) (because "[j]urisdiction over an

2   assignee must be based on the assignee's own acts and does not arise solely because the assignor may

3   be subject to personal jurisdiction," where investor sued broker and broker's assignee of plaintiff's

4   debts for securities improprieties, complaint against assignee dismissed for lack of personal

5   jurisdiction as it did no business or acts in the forum and did not cause an effect in the state by an act

6

7   done elsewhere).

8            As Falken has had no contacts with California in connection with its assignment, with

9   the single exception of a letter to the California arbitrator requesting an accounting of royalties due

10

11  under the assignment, there is no basis for finding specific jurisdiction over Falken.

12  **II.   SERVICE OF A MOTION ON FALKEN BY MAIL WAS INSUFFICIENT PROCESS**

13           Pure Bioscience contends that its claims are governed by the Federal Arbitration Act

14  and that the Court's jurisdiction therefore derives from that Act. (Pure Mem. At 11.) According to

15  section 4 of the Act, 9 U.S.C. § 4:

16       A party aggrieved by the alleged failure, neglect, or refusal of another
         to arbitrate . . . under a written agreement for arbitration may petition
17       any United States district court for an order directing that such
         arbitration proceed in the manner provided for in such agreement. . . .
18       **Service thereof shall be made in the manner provided by the**
         **Federal Rules of Civil Procedure**.
19

20  In addition, Local Rule 4.1(a) provides that

21       [s]ervice of process, i.e., service of the summons and complaint, shall
         be performed **in accordance with Rule 4, F.R.Civ.P.**[4]
22

23  Fed. R. Civ. P. 4(h) provides the following:

24

25  [4] To the extent Pure Bioscience might argue that because it did not serve a summons and complaint, it
26  was not required to serve under Rule 4, that argument fails as the only other method of serving
    process is contained in Rule 4.1, which covers service of process "other than a summons as provided
27  in Rule 4 or subpoena [under] Rule 45," and only provides for service by a U.S. marshal.

28                                          8

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv 1147

1

2   Service Upon Corporations and Associations.   Unless otherwise
    provided by federal law, service upon a . . . corporation . . . shall be
3   effected: (1) in a judicial district of the United States **in the manner
    prescribed for individuals by subdivision (e)(1), or by delivering a
4   copy** of the summons and of the complaint to an . . . agent.

5   Fed. R. Civ. P. 4(e)(1) provides for service

6       **[p]ursuant to the law of the state** in which the district court is located,
        or in which service is effected . . . .
7

8   Service may also be waived under Fed. R. Civ. P. 4(d) by mailing a notice and request for waiver of

9   service that the defendant may accept by signing and returning.

10      Here, Pure Bioscience served its papers by mailing them to the registered agent in

11  New Jersey.  As the mailing did not include the notice and waiver documents required under Rule

12  4(d) and did not constitute personal delivery as required by Rule 4(h),[5] then service was proper only

13  if service by mailing is permitted under the applicable state law.  See Fed. R. Civ. P. 4(h) an 4(e)(1).

14  Although it purported in its Proof of Service to serve the papers "in compliance with New Jersey

15  Code of Civil Procedure § 4:4-4(a)(6)" (see Exhibit 1), service by certified mail is not sanctioned by

16
    the laws of New Jersey.
17

18      Specifically, the New Jersey statute provides, like Fed. Rule 4(h), that service on a

19  corporation shall be made by "delivering a copy of the summons and complaint" to "a person at the

20  registered office of the corporation."  NJ Rule 4:4-4(a)(6) and (a)(1).  Service by certified mail, as
21
    Pure Bioscience attempted to do here, is only permitted if "it appears by affidavit . . . that despite
22

23

24
    ---
25  [5] To the extent Pure Bioscience might suggest that the Rule 4(h) requirement of "delivering" a copy
    is satisfied by mailing (i.e. delivery by a postal worker), that argument is belied by the distinction
26  between delivery and mail made throughout the rules.  For example, Rule 4(h) permits service by
    "delivery" while Rule 4(d) permits "dispatch" through "mail."  Similarly, Rule 5, which applies to
27

28                                              9

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1   diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this

2   rule," in which case, "in personam jurisdiction may be obtained by . . . mailing a copy of the

3   summons and complaint by registered or certified mail, return receipt requested, and simultaneously,

4   by ordinary mail to . . . a corporation . . . addressed to a registered agent for service . . . ." NJ Rule

5   4:4-4(b)(1)(C)(3).  As Pure Bioscience has not submitted any affidavit stating that it could not

6   personally serve the registered agent, the substituted service provided by Rule 4:4-4(b)(1) was not

7   available.   Indeed, as the letter from Falken's registered agent, Exhibit 2, indicates that Pure

8   Bioscience's Proof of Service incorrectly stated that service was obtained by certified mail when it

9   was served by priority mail and neither the agent nor the Proof of Service indicates that a return

10

11  receipt was requested, the rules for service by mail, even if applicable, were not satisfied.

12

13          Moreover, even if service by mail was permitted, all of the rules for service provide

14  for service of a summons and complaint.  Falken has not found any rule permitting the institution of

15  an action by means of a motion and the requirement of a summons generally serves to provide notice

16
    as to what action the defendant must take (e.g. filing an answer), the date by which the action must be
17
    taken, and the consequences for failure to act by that date (e.g. the entry of a default judgment).
18

19  Here, by contrast, Falken was told that a hearing on the motion to compel arbitration was scheduled

20  for July 26, 2004, but not that responses to motions must be filed within 14 days before the hearing.

21  After Falken obtained California counsel, it learned that a motion may be taken as unopposed if no

22
    opposition is filed at least 14 days before the hearing.[6]  Without such notification, Falken was left
23
    with the impression that it could appear at the hearing on July 26, 2004, raise its objections to service
24

25

26  service of "other papers" filed after the original complaint, provides for service alternatively by
    "delivering" (Rule 5(b)(2)(A) or by "mailing" (Rule 5(b)(2)(B).
27

28                                            10

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1  and jurisdiction, and then be given a briefing schedule on its objections and/or the motion to compel

2  in the event the Court determined that such a motion could be brought in the absence of a complaint

3  and answer and it had personal jurisdiction.  As Falken was never served a summons or complaint,

4  the service under any method was incomplete and therefore insufficient.

5

6                                                    **Conclusion**

7              For the reasons set forth above, Falken Industries Ltd. requests that this Court grant its

8  motion to dismiss for lack of personal jurisdiction or, in the alternative, quash the service.

9                                        FALKEN INDUSTRIES, LTD.

10

11                          By _____

12                                            Its Attorney

13  Joel S. Seidel, SB #175275
    10325 Aldea Avenue
14  Granada Hills, CA  91344
    Tel: (818) 832-7850
15  Fax: (818) 832-7889

16  Dated:  July 26, 2004

17

18

19

20

21

22

23

24

25

26

27  [6] Indeed, Pure Bioscience filed a notice of no opposition on July 16, 2004.

28                                                    11

---

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv 1147

1

Proof of Service

2          The undersigned attorney for Falken certifies that he served a copy of the foregoing
motion and memorandum on the following counsel of record for petitioner Pure Bioscience by fax
3   and by placing a copy in a properly addressed, postage prepaid envelope and depositing it in the U.S.
mail in Granada Hills, California on August 6, 2004:

4

Wolfgang F. Hahn                                    Charles E. Brumfield
5   Wolfgang F. Hahn& Associates              C/o Pure Bioscience
7160 Caminito Pepino                              1725 Gillespie Way
6   La Jolla, CA  92037                              El Cajon, CA  92020
Fax: (858) 456-5080                              Fax: (619) 596-8700

7

8                                                            Joel S. Seidel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          12

Falken's Memorandum Of Points And Authorities In Support Of Motion To Dismiss For Lack Of
Personal Jurisdiction And To Quash Service

04 cv1147

1

**Table of Contents of Exhibits**

2

Exhibit 1           6/14/04 Pure Bioscience Proof of Service of motion papers

3

Exhibit 2           6/21/04 letter from Falken's service agent transmitting Pure Bioscience's

4                         motion papers

5

Exhibit 3           6/23/04 Madso affidavit

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        13

# EXHIBIT 1

## PROOF OF SERVICE

I, the undersigned, declare that: I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 1725 Gillespie Way, El Cajon CA 92020.

On June 14th, 2004, I caused to be served the following document(s) to the referenced address:

1. **Petitioner Pure Bioscience's Motion for Issuance of an Order Compelling Arbitration; Memorandum of Points and Authorities in Support Thereof; Declaration of Wolfgang F. Hahn.**
2. **Declaration of Wolfgang F. Hahn in Support of Petitioner Pure Bioscience's Motion for Issuance of an Order Compelling Arbitration; Memorandum of Points and Authorities in Support Thereof**
3. **Petitioner Pure Bioscience's Notice of Motion for Issuance of an Order Compelling Arbitration**

| | |
|---|---|
| **VIA U.S. PRIORITY MAIL** | **VIA CERTIFIED MAIL** |
| Michael J. Rovell, Esq. | XI Corporation / Agent for Service |
| **Law Offices of Michael J. Rovell Chtd** | **FALKEN INDUSTRIES, LTD.** |
| 20 North Clark Street, Suite 2450 | 691 State Highway 33 |
| Chicago, IL 60602 | Trenton, NJ 08619 |
| | *Served on Behalf of FALKEN INDUSTRIES, LTD. as its designated Agent for Service of Process, in compliance with New Jersey Code of Civil Procedure § 4:4-4(a)(6)* |

__X__ I placed such documents with postage thereon fully prepaid to be placed in the U.S. Mail as noted on the service list. I am readily familiar with the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document(s) were sealed and placed for collection and mailing on the foregoing date following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more that one day after the date of deposit for mailing in the affidavit.

I declare under penalty of perjury under the laws of the State of California and those of the United States that the foregoing is true and correct. Executed on June 14th, 2004, at El Cajon, California, 92020.

Jeff Kitchell

Proof of Service                              Case No.  04 CV 1147 L (NLS)

# EXHIBIT 2



62 White Street
New York, NY 10013
212 431-5000
800 221-2972
Fax 212 431-1441
http://www.blumberg.com

June 21, 2004

Emile Gouiran
C/o Ste' Nickel Ltd.
146 Rue du Chateau 7501
Paris, FRANCE

RE: Falken Industries, Ltd.

Dear Mr. Gouiran:

Enclosed please find a Motion to Compel, which was received by our representatives in the state of New Jersey then in our office in the state of New York on June 21, 2004 U.S. priority mail.

Feel free to contact me if you have any questions or concerns. My direct telephone number is 888-221-8972 ext 550 or you can email me at: *kaw@blumb.com*. Please provide us with an email address.

Sincerely,

BlumbergExcelsior Corporation Services, Inc.

Kim Wilson
Kim Wilson
Registered Agent Representative

Encl.
Via: Airborne-DHL

BlumbergExcelsior Corporate Services, Inc.

EXHIBIT 3

AFFIDAVIT

Helle A. MADSØ declares the following under penalty of perjury:

1. That she is the Executive Vice President Europe of Falken Industries Ltd;

2. That Falken was incorporated in the State of New Jersey on August 6, 2003 ;

3. That Falken does not have any offices, commercial representation, activity, property, bank accounts, etc. in California;

4. That no representatives of Falken have ever been in California on Falken business;

5. That Falken does not currently and has never in the past done business or conducted any business in California;

6. That Falken received an assignment of certain rights under the Core Settlement Agreement from NVID International, Inc. As NVID and its principals were all located in Florida, Falken had no communications with anyone in California in connection with the negotiation or execution of the assignment. In fact, no representatives from Falken even traveled to the United States in connection with the assignment.

7. That I believe the only communication with anyone in California concerning the assignment before Pure Bioscience filed its arbitration claim consisted of a letter to the arbitrator informing him of the assignment of royalties to Falken and requesting an accounting of same.

8. After the arbitration was filed, counsel for Falken specially appeared to object to jurisdiction over Falken as it is not a party to the Core Settlement Agreement. The only contact with California in connection with the rights it had been assigned related to that representation and the representation in Pure Bioscience's federal court action to compel Falken to arbitrate in California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 23, 2004.

Helle A. MADSØ