USDC SCAN INDEX SHEET

















MAM   8/16/04   13:11

3:04-CV-01147   PURE BIOSCIENCE V. FALKEN INDUST LTD

*19*

*O.*

FILED

04 AUG 16  AM 10: 43

DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: M. Marnell          DEPUTY

1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT

9       SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  PURE BIOSCIENCE fka INNOVATIVE MEDICAL SERVICES, INC., | Civil No. 04cv1147-L(NLS) |
| 12                          Petitioner, | **ORDER RE:** *EX PARTE* **APPLICATION** |
| 13  v. | **ORDER DENYING RESPONDENT'S MOTION TO QUASH SERVICE** |
| 14 | [docket no. 9-2] |
| 15  FALKEN INDUSTRIES, LTD., a New Jersey corporation, | **ORDER SETTING  HEARING DATE AND BRIEFING SCHEDULE** |
| 16                          Respondent. | **REGARDING  PERSONAL JURISDICTION AND** |
| 17 | **PETITIONER'S MOTION TO** |
| 18 | **COMPEL ARBITRATION** |

19          This matter comes before the Court on Respondent's *Ex Parte* Application for Leave to

20   File Motion to Quash and Dismiss and to Hold Motion to Compel Arbitration in Abeyance.  The

21   matter is now fully briefed and the Court finds the *Ex Parte* Application suitable for

22   determination on the papers submitted and without oral argument in accordance with Civil Local

23   Rule 7.1(d.1).

24                                  **BACKGROUND**

25          On November 15, 2001, Petitioner Pure Bioscience, fka Innovative Medical Services, and

26   NVID International entered into a Core Settlement Agreement as a global resolution of various

27

19

1    disputes between the parties in several litigation and arbitration matters.[1]   Article 18.1 of the

2    Core Settlement Agreement provides that the American Arbitration Association ("AAA") of San

3    Diego "shall maintain exclusive jurisdiction over any questions concerning the interpretation or

4    enforcement of this Agreement and all of its component exhibits."[2]   On October 27, 2003,

5    Petitioner submitted to the AAA in San Diego a Statement of Claims for arbitration against, *inter*

6    *alia*, NVID and Respondent Falken Industries, Ltd.[3]   On December 2, 2003, Arbitrator Jack F.

7    Fitzmaurice conducted a preliminary hearing.[4]   Respondent appeared specially for the limited

8    purpose of objecting to AAA's jurisdiction over Respondent on the grounds Respondent was not

9    a signatory to the Agreement.[5]   Arbitrator Fitzmaurice and the parties reached agreement on a

10   briefing schedule and hearing date regarding Respondent's arbitrability.[6]   After the hearing,

11   Arbitrator Fitzmaurice concluded Respondent was subject to the arbitration clause on two

12   separate grounds: (1) NVID's assignment to Respondent of NVID's right, title, and interest in

13   the Core Settlement Agreement; and (2) equitable estoppel.[7]   Arbitrator Fitzmaurice ordered

14   Respondent to answer or otherwise respond to Petitioner's demand for arbitration within 10 days

15   of the date of receipt of the decision.[8]

16          On February 10, 2004, Respondent filed an action in the United States District Court for

17   the Southern District of New York, seeking an injunction against AAA and Petitioner from

18   proceeding with the arbitration against Respondent.  In so doing, Respondent argued that the

19   question of whether a non-signatory to an arbitration agreement can be compelled to arbitrate

20

21          [1]   Pet'rs Mtn. to Compel Arbitration, Ex. A at Ex. 1.

22          [2]   *Id.* at Art. 18.1.

23          [3]   Pet'rs Mtn. to Compel Arbitration, Ex. A.

24          [4]   Pet'rs Mtn. to Compel Arbitration, Ex. B.

25          [5]   *Id.*

26          [6]   *Id.*

27          [7]   Pet'rs Mtn. to Compel Arbitration, Ex. G.

28          [8]   *Id.* at 6.

1   must be decided by the court, not the arbitrator.  On March 18, 2004, Petitioner and Respondent

2   entered into a stipulation in the AAA proceedings providing that Respondent would voluntarily

3   dismiss the New York Action, and default judgment would not be entered against Respondent in

4   the arbitration until after a court determination is made regarding whether Respondent is

5   properly a party to the arbitration and the arbitrator has jurisdiction over Respondent in

6   connection with Petitioner's claims.[9]  On March 23, 2004, Respondent voluntarily dismissed the

7   New York action.[10]

8          On June 9, 2004, Petitioner filed a Motion for Issuance of an Order Compelling

9   Arbitration, citing 9 U.S.C. § 4.  Petitioner maintains Respondent is bound by the arbitration

10   clause and must participate in the proceedings before Arbitrator Fitzmaurice.  The motion was

11   scheduled for hearing on July 26, 2004.[11]  Respondent did not file a response to the motion, and

12   on July 16, 2004, Petitioner filed a Notice of Non-Receipt of Opposition.  On July 22, 2004,

13   Respondent filed this *Ex Parte* Application.  By order dated July 23, 2004, this Court set a

14   briefing schedule on the *Ex Parte* Application.  On August 4, 2004, Respondent filed a Motion

15   to Dismiss for Lack of Personal Jurisdiction and to Quash Service.

16                                        **DISCUSSION**

17          Respondent's *Ex Parte* Application contends it was not properly served with this action,

18   and argues this Court cannot exercise personal jurisdiction over Respondent.  Respondent also

19   requests the Court defer ruling on Petitioner's motion until after Respondent's motion to dismiss

20   is adjudicated.  Petitioner opposes the *Ex Parte* Application.

21          Petitioner maintains Respondent knew Petitioner was going to be filing this action and

22   that Petitioner properly served its motion in accordance with California's long-arm statute, New

23   Jersey's long-arm statute, and AAA's Commercial Arbitration Rules.  Petitioner further argues

24   this Court has subject matter jurisdiction over this action as well as personal jurisdiction over

25   _____

26          [9]  Pet'rs Oppo. to Resp.'s *Ex Parte* Application Exs. A, B.

27          [10]  Pet'rs Oppo. to Resp.'s *Ex Parte* Application Ex. C.

28          [11]  By order dated July 16, 2004, this Court took the motion under submission in
accordance with Civil Local Rule 7.1(d)(1).

1  Respondent.  In addition, Petitioner asserts Respondent failed to timely file an opposition to the

2  motion to compel arbitration as a result of Respondent's own culpable conduct, and therefore

3  Respondent is not entitled to relief under Federal Rule of Civil Procedure 60.

4      Respondent's reply brief contends Petitioner's arguments regarding personal jurisdiction

5  are premature, and that Rule 60 is inapplicable as no default has been entered.  Respondent

6  further argues that its request for an extension of time should be granted because it did not know

7  the motion to compel arbitration would be taken as unopposed, believing a briefing schedule

8  would be set at the July 26, 2004 hearing date.

9      Having reviewed the record and applicable law, the Court finds good cause to grant in

10  part Respondent's *Ex Parte* Application to allow it the opportunity to present defenses to the

11  motion to compel arbitration.  As an initial matter, the Court agrees Rule 60 is inapplicable as no

12  default or judgment has been entered against Respondent.

13      Further, whether Petitioner properly effectuated proper service is less than pellucid.

14  Petitioner maintains service was proper under California and New Jersey law; however, those

15  statutes envision service of a summons and complaint.  As Respondent has noted, Petitioner

16  commenced this action not with a petition or complaint, but rather with a "Motion for Issuance

17  of an Order Compelling Arbitration."  In addition, a summons did not issue.  Although

18  acknowledging service of a petition to compel arbitration under 9 U.S.C. § 4 is to be in

19  accordance with Federal Rules of Civil Procedure, Petitioner has not cited any authority

20  suggesting a summons need not issue for this type of action.  Indeed, this Court's research has

21  revealed that petitioners have served summonses together with their petitions to compel

22  arbitration.  *See, e.g., United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d

23  1371, 1382 (9th Cir. 1984); *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126 (2d Cir. 1997).  On

24  the other hand, some cases have concluded service by registered mail is a sufficient means of

25  providing the requisite notice under 9 U.S.C. § 4.  *See, e.g., Atlanta Shipping Corp. v. Cheswick-*

26  *Flanders & Co.*, 463 F. Supp. 614, 618 (S.D.N.Y. 1978); *Mgm't Recruiters Int'l, Inc. v. Griffith*,

27  1992 WL 46100 at *3 (N.D. Ohio Feb. 23, 1992).

28  ///

1    Petitioner also maintains service was in accordance with the AAA Commercial Rules.

2    Although some courts have recognized service of process can be proper if it complies with

3    applicable AAA rules, those cases are distinguishable because the arbitration clauses involved

4    specifically incorporated the AAA's rules. *See, e.g., Doctor's Assocs., Inc. v. Stuart*, 85 F.3d

5    975, 982 (2d Cir. 1996); *Lawn v. Franklin*, 328 F. Supp. 791, 794 (S.D.N.Y. 1971).  In contrast,

6    the arbitration clause in the Core Settlement Agreement does not explicitly incorporate the AAA

7    Commercial Rules.  Further, Petitioner's argument presumes Respondent is subject to the

8    arbitration clause, a matter that Respondent disputes.

9    "In deciding whether service [is] valid, the statutory provisions requiring service of

10   process should be liberally construed to effectuate service and uphold the jurisdiction of the

11   court if actual notice has been received by the defendant." *Dill v. Berquist Constr. Co.*, 24 Cal.

12   App. 4th 1426, 1436-37 (1994) (internal quotations omitted).  Respondent here has received

13   actual notice of this action as well as Petitioner's motion to compel arbitration, and, because it

14   will have an opportunity to present its jurisdictional challenges, will not be prejudiced if service

15   is upheld.  The Court finds that even if Respondent were to prevail on its motion to quash, it is

16   likely Petitioner could effectuate proper service.  Accordingly, further briefing on the issue of

17   service is not in the interest of justice.  Instead, the Court finds the parties and the Court's

18   resources are better spent addressing the parties' dispute over whether Respondent can be forced

19   to participate in the arbitration.  Respondent's motion to quash is therefore **DENIED** [docket no.

20   9-2].

21   Respondent also seeks to dismiss the motion to compel for lack of personal jurisdiction,

22   and in its *Ex Parte* Application, it requests the Court to determine this issue prior to ruling on the

23   merits of Petitioner's motion to compel.  Respondent's motion to dismiss argues its contacts with

24   California are insufficient for this Court to exercise either general or specific jurisdiction over

25   the Respondent.  In opposition to Respondent's *Ex Parte* Application, Petitioner contends this

26   Court can exercise personal jurisdiction over the Respondent because Respondent is bound by

27   the arbitration clause and therefore must arbitrate the claims before Arbitrator Fitzmaurice in

28   San Diego.  In support, Petitioner cites *Stuart*, wherein the Second Circuit held a party who

1  agrees to arbitrate in a state "must be deemed to have consented to the jurisdiction of the court

2  that could compel the arbitration proceeding" in that state. *Stuart*, 85 F.3d at 979. This Court's

3  preliminary research into the issue has revealed the Ninth Circuit considers an agreement to

4  arbitrate locally to be a factor supporting specific jurisdiction. *Fireman's Fund Ins. Co. v. Nat'l*

5  *Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996).

6       Under this caselaw, it appears the merits of Petitioner's motion to compel arbitration is

7  intertwined with Respondent's motion to dismiss for lack of personal jurisdiction. That is, if this

8  Court finds Respondent is bound by the arbitration clause, that finding will inform the decision

9  regarding the merits of Respondent's motion to dismiss. The Court therefore **DENIES**

10  Respondent's request that the Court adjudicate its jurisdictional motion before addressing

11  Petitioner's motion to compel arbitration. Instead, the Court will **VACATE** the September 7,

12  2004, hearing date for Respondent's motion, set a combined briefing schedule for Respondent's

13  motion to compel arbitration and Respondent's motion to dismiss for lack of personal

14  jurisdiction, and schedule a new hearing date.

15  **CONCLUSION**

16       Having reviewed the record, applicable law, and good cause appearing, **IT IS HEREBY**

17  **ORDERED**:

18       1. Respondent's *Ex Parte* Application is **GRANTED IN PART** and **DENIED IN**

19  **PART**.

20       2. Respondent's Motion to Quash Service is **DENIED** [docket no. 9-2].

21       3. The September 7, 2004 hearing date on Respondent's motion to dismiss is

22  **VACATED**.

23       4. The Court will hold a hearing on **Monday, October 18, 2004 at 10:30 a.m.** on

24  Petitioner's Motion for Issuance of an Order Compelling Arbitration and Respondent's Motion

25  to Dismiss for Lack of Personal Jurisdiction. In preparation for that hearing, the parties shall file

26  and serve the following briefs to supplement the motions currently on file:

27       a. Respondent shall file an opposition to Petitioner's motion to compel arbitration

28  on or before **September 7, 2004**.

6

1          b.  Petitioner shall file a brief that addresses Respondent's motion to dismiss and

2   Respondent's opposition to Petitioner's motion to compel arbitration on or before **September**

3   **20, 2004**.  Because this brief will combine an opposition and a reply, the brief can be 35 pages in

4   length.[12]

5          c.  Respondent shall file a reply to Petitioner's opposition to Respondent's motion

6   to dismiss for lack of personal jurisdiction on or before **October 4, 2004**.

7          **IT IS SO ORDERED**.

8   Dated: _8/13/04_                          _M. James Lorenz_

9                                             M. JAMES LORENZ
                                            UNITED STATES DISTRICT JUDGE

10

11  COPY TO:

12  HON. NITA L. STORMES
    UNITED STATES MAGISTRATE JUDGE

13
    Wolfgang F. Hahn
14  Wolfgang F. Hahn & Associates
    7160 Caminito Pepino
15  La Jolla, CA  92037

16  Charles E. Brumfield, Esq.
    c/o Pure Bioscience
17  1725 Gillespie Way
    El Cajon, CA  92020

18
    Michael J. Rovell, Esq.
19  Law Offices of Michael J. Rovell Chtd
    20 North Clark Street, Suite 2450
20  Chicago, IL 60602

21  Joel S. Seidel
    10325 Aldea Avenue
22  Granada Hills, CA  91344
    Ph:  (818) 832-7850
23  Fax: (818) 832-7889

24

25

26  _____

27       [12]  Civil Local Rule 7.1(h) provides that briefs in support of or in opposition to all
    motions shall not exceed 25 pages in length , and reply briefs shall not exceed 10 pages in
28  length.  Accordingly, the 35-page limit ensures Petitioner will not be prejudiced by having to
    address two motions in one brief.